**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:26-cv-00006-MWM |
| KECIA DAVIS, | ) | |
| | ) | Judge Matthew W. McFarland |
| and | ) | |
| | ) | Magistrate Judge Stephanie K. Bowman |
| RICHARD DAVIS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TAMMY COATES | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR INTERPLEADER

Upon Complaint in Interpleader and Motion for Interpleader, both of which were filed by Plaintiff Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), through counsel, the Court GRANTS the Motion for Interpleader (doc. 10) based on the death benefits payable under an employee welfare benefit plan (the "Plan"), a plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.,* sponsored by a former employer ("Employer") of the decedent James Wilsman ("Decedent"), the life insurance benefits of which were funded by a group life insurance policy ("the Policy") issued by MetLife.

Defendants Kecia Davis, Richard Davis, and Tammy Coates have asserted rights and/or may have rights to the life insurance benefits payable under the Plan.

In its Complaint in Interpleader and Motion for Interpleader, MetLife admits that the life insurance benefits in the total amount of $12,000.00, plus any applicable interest ("Plan Benefits"), became due upon the death of the Decedent.

The Court finds that MetLife is merely a stakeholder and claims no beneficial interest in the Plan Benefits, except for its request for its attorney fees incurred in pursuing interpleader if this motion were contested, but since this Order is entered without any Defendant opposing this motion, MetLife has agreed to waive its right to seek attorney fees.

The Court further finds that MetLife had not voluntarily made payment of the Plan Benefits because MetLife could not determine the proper beneficiary or beneficiaries without risking exposure of itself, the Plan, the Policy, or the Employer to the possibility of multiple payments of the life insurance benefits that are due. The Court further finds that the Defendants, each of whom claim entitlement to or have an interest in some or all of the Plan Benefits, are properly part of this action and are subject to this Court's jurisdiction, and that MetLife has always been willing to pay the Plan Benefits to the Clerk of the Court, upon entry of this Order.

Accordingly, it is hereby ordered that:

1)  MetLife is permitted to tender to the Clerk of the Court the Plan Benefits payable under the Plan, which includes $12,000.00, plus any applicable interest, and MetLife shall tender such amount within 30 days of the entry of this Order;

2)  the Clerk shall deposit the Plan Benefits into a segregated, interest-bearing account referencing this case and designated as "life insurance benefits;"

3)  upon confirmation by the Clerk of payment of the Plan Benefits, plus any applicable interest, Plaintiff shall file with the Court a Motion to Dismiss only MetLife, which will dismiss MetLife with prejudice from this action, and discharge MetLife, the Plan, the Policy, and the

Employer from any further liability relating to any claim for the life insurance benefits, plus any applicable interest, payable under the Plan as a result of the death of the Decedent; and

4) this case shall continue on the Court's docket so that the parties, other than MetLife, can litigate their claims to the Plan Benefits in this action among themselves.

IT IS SO ORDERED.

Dated: __Jun 12, 2026__

Stephanie K. Bowman
United States Chief Magistrate Judge

DISTRIBUTION:

Kecia Davis
2662 Somerville-Jacksonburg Rd.
Somerville, OH  45064

Richard Davis
2662 Somerville-Jacksonburg Rd.
Somerville, OH  45064

Tammy Coates
2674 Somerville-Jacksonburg Rd.
Somerville, OH  45064